# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. PETERSON and MARILYN D. PETERSON, Trustees of the Peterson Trust,<br><br>    Plaintiffs,<br>vs.<br>BANK OF AMERICA, N.A., and DOES 1 through 25,<br><br>    Defendants. | CASE NO. 09cv2570-WQH-CAB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiffs' First Amended Complaint, filed by Defendant Bank of America, N.A. ("Bank of America"). (Doc. # 16).

## I. Background

On September 28, 2009, Plaintiffs filed a Complaint against Bank of America in San Diego Superior Court. (Doc. # 1, Ex. A). On November 13, 2009, Bank of America removed the action to this Court, alleging diversity jurisdiction. (Doc. # 1).

On January 21, 2010, Plaintiffs filed the First Amended Complaint. (Doc. # 12).

### A. Allegations of the First Amended Complaint

On January 22, 2002, "Plaintiffs and Bank of America entered into a Promissory Note in which Plaintiffs promised to pay Defendant the principal amount of ... $592,000.00[], together with interest at the rate of 7.0% per annum until paid in full. The Promissory Note provided for a pre-payment fee if the indebtedness was paid prior to February 1, 2017." (Doc. # 12 ¶ 4). The Promissory Note is attached to the First Amended Complaint. (*Id.*, Ex. A).

On January 22, 2002, "Plaintiffs executed and delivered to Bank of America a Deed of Trust in which Plaintiffs granted, transferred and assigned to certain trustees their right, title

and interest in the real property located at 594 Front Street, El Cajon, California ('the 'Property') in order to secure payment of the indebtedness and performance of any and all obligations under the Note." (*Id*. ¶ 6). The Deed of Trust is attached to the First Amended Complaint. (*Id*., Ex. B).

On January 22, 2009, "Plaintiffs requested that Bank of America ... waive any pre-payment fees that may be due and owing under the Note and allow Plaintiffs to pay off the Note in full and fulfill all obligations due and owing under the Note without any pre-payment fee." (*Id*. ¶ 7). "In response to Plaintiffs' request ..., Bank of America agreed to permit Plaintiffs to pay off the Note without paying any pre-payment fee. The decision of Bank of America was communicated to Plaintiffs by Freddie Torres ... a Bank of America employee at Defendant's El Cajon Banking Center located at 512 Fletcher Parkway, El Cajon, California...." (*Id*. ¶ 8).

On January 22, 2009, "Torres contacted Defendant's loan department to obtain the exact loan payoff amount for Plaintiffs. Defendant's loan department faxed the payoff amount information for the Note to Torres, who relayed the information to Plaintiffs, along with instructions how to complete the Note payoff process." (*Id*. ¶ 9). "Defendant's instructions regarding payoff of the Note were as follows. Bank of America agreed to waive any and all pre-payment fees and allow Plaintiffs to fulfill all their obligations under both the Note and Deed of Trust on the condition Plaintiffs pay Bank of America a sum certain by the end of the business day on January 22, 2009." (*Id*. ¶ 10).

"Plaintiffs satisfied the condition imposed by Bank of America. Plaintiffs paid the sum certain in the precise and exact amount required by Defendant Bank of America by the close of business on January 22, 2009. In return, Defendant acknowledged and agreed through its authorized agent and employee Torres, that Plaintiffs had fulfilled all of their duties and obligations under the Note and Deed of Trust. Bank of America also agreed to provide Plaintiffs a confirming letter that afternoon regarding the payoff transaction and further agreed to provide all reconveyance documents within 3–4 weeks." (*Id*. ¶ 11).

"Plaintiffs did not receive a written monthly loan statement regarding the Note in

February, 2009." (*Id.* ¶ 12). "Plaintiff[s] received a written monthly loan statement regarding the Note in March 2009.... The March Statement reflected Plaintiffs' payment of the exact payoff amount demanded by Bank of America on January 22, 20[09], but showed a balance due on the Note in the sum of $.01. The March Statement did not contain a demand for the payment of any prepayment fee or penalty on the Note, and did not contain any balance due for any prepayment fee." (*Id.* ¶ 13).

"Immediately upon receiving the March Statement, Plaintiff[s] went to the El Cajon Banking Center of Bank of America and personally tendered to [Jessica] Bachta[, the manager of Defendant's El Cajon Banking Center,] the $.01 balance shown on the March Statement. Bachta refused to accept Plaintiff[s'] $.01 payment. Bachta would not permit Plaintiffs to speak with Torres about the Note payoff. Further, upon review of the matter, Bachta demanded that Plaintiffs pay the full prepayment fee which Bank of America had agreed to forego on January 22, 2009." (*Id.* ¶ 14).

"Despite its promises and assurances to Plaintiffs, Bank of America ... has failed and refused, and continues to fail and refuse, to execute and deliver to the trustee under the Deed of Trust a request for a full reconveyance and ... has failed and refused to satisfy Defendant's other obligations and duties under the Note and Deed of Trust that became due and owing when Plaintiffs paid the indebtedness in full in the sum demanded by Defendant on January 22, 20[09]." (*Id.* ¶ 16).

The First Amended Complaint alleges five causes of action: (1) promissory estoppel, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) fraud, and (5) negligent misrepresentation. Plaintiffs seek compensatory damages, punitive damages, "the statutory penalty set forth in Civil Code Section 2941(d)," and attorney fees. (*Id.* at 13).

**B.    Motion to Dismiss**

On February 4, 2010, Bank of America filed the Motion to Dismiss. (Doc. # 16). Bank of America contends that "[e]ach of Plaintiffs' claims is fatally defective and should be dismissed." (Doc. # 16-1 at 1).

On March 5, 2010, Plaintiffs filed an opposition to the Motion to Dismiss. (Doc. # 17). Plaintiffs contend that the Motion to Dismiss should be denied in its entirety.

On March 12, 2010, Bank of America filed a reply in support of the Motion to Dismiss. (Doc. # 20).

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## III.    Request for Judicial Notice

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quotation omitted). Rule 12(b)(6) expressly provides that when "matters outside the

1  pleading are presented to and not excluded by the court, the motion shall be treated as one for
2  summary judgment." Fed. R. Civ. P. 12(b)(6). An exception to this rule is that "a court may
3  consider material which is properly submitted as part of the complaint on a motion to dismiss
4  without converting the motion to dismiss into a motion for summary judgment." *Lee*, 250 F.3d
5  at 688 (quotation omitted). "If the documents are not physically attached to the complaint,
6  they may be considered if the documents' authenticity is not contested and the plaintiff's
7  complaint necessarily relies on them." *Id*. (quotation omitted).

8      Plaintiffs attach copies of the Promissory Note and Deed of Trust to the First Amended
9  Complaint. (Doc. # 12, Exs. A, B). Bank of America does not challenge the authenticity of
10 either document. The Court takes judicial notice of the Promissory Note and Deed of Trust.
11     Bank of America attaches to the Motion to Dismiss a document entitled, "Notice of
12 Final Agreement," which Bank of America contends was signed by Plaintiffs on January 22,
13 2002. (Doc # 16-2; *see also* Doc. # 16-1 at 3). This document is not referenced in the First
14 Amended Complaint and Bank of America has not shown that the First Amended Complaint
15 "necessarily relies on" it. *Lee*, 250 F.3d at 688. Plaintiffs object to the Court's consideration
16 of the document because it "has not been authenticated." (Doc. # 17 at 5). The Court declines
17 to take judicial notice of the "Notice of Final Agreement."

18 **IV.    Discussion**
19     **A.    Breach of Contract**
20         **1.    Contentions of the Parties**

21     Bank of America contends that Plaintiffs' breach of contract claim should be dismissed
22 for the following reasons: "[b]ecause Plaintiffs are asserting the breach of an alleged oral
23 contract with a Bank of America employee, their claim is barred by the statute of frauds"; "the
24 Loan Agreement requires any modification of that contract must be in writing"; Plaintiffs'
25 attempted prepayment failed to comply with various provisions of the Promissory Note, such
26 as a requirement that Plaintiffs give five days written notice of their intention to prepay and
27 that Plaintiffs pay a prepayment fee; and "Plaintiffs have failed to establish that Mr. Torres,
28 who supposedly bound Bank of America, had the authority to do so." (Doc. # 16-1 at 6, 9, 11

(emphasis omitted)).

Plaintiffs contend: "California Civil Code Section 1698 ... provide[s] authority that a provision of a written contract may be waived and that a written contract may be orally modified"; "the oral modification of the loan agreement is enforceable as a matter of law, and Defendant is equitably estopped from asserting otherwise"; and "in the Complaint the [Plaintiffs] have repeatedly asserted that Torres and the Bank's loan department had the authority to communicate, and act for the Bank...." (Doc. # 17 at 5, 7, 12).

### 2. Analysis

"A cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008) (citation omitted).

The First Amended Complaint adequately alleges an oral "agreement between the parties." (Doc. # 12 ¶ 29 ("Torres and the Defendant['s] Loan Department agreed and communicated to Plaintiffs that the Note could be paid off without penalty, if the amount demanded by Defendant on January 22, 2009 was paid by Plaintiffs on January 22, 2009.")). This oral agreement is alleged to have modified the prior written agreement, and is alleged to be supported by new consideration: Plaintiffs were to pay a lump sum by January 22, 2009 ("years before [Bank of America] would have received full payment of the Note as originally signed by Plaintiffs" (*id.* ¶ 24)), and Bank of America was to waive the prepayment fee and other prepayment conditions. *See* Cal. Civ. Code § 1698(c) ("Unless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement supported by new consideration.").[1]

Plaintiffs allege that Torres was "Defendant's employee and authorized agent at the El Cajon Banking Center." (*Id.* ¶ 28; *see also id.* ¶ 11 (same)). Plaintiffs further allege that

---

[1] Bank of America relies upon the "Notice of Final Agreement" (Doc. # 16-2) in support of its argument that the parties' written agreement "states that it could not be contradicted by any subsequent oral agreements." (Doc. # 20 at 5 (quotation and emphasis omitted)). As discussed above, the Court has declined to take judicial notice of this document.

"Defendant's loan department faxed the payoff information for the Note to Torres, who relayed this information to Plaintiffs, along with instructions how to complete the Note payoff process." (*Id.* ¶ 9; *see also id.* ¶ 43 ("At all relevant times alleged herein, Torres and Defendant's employees in the loan department, had authority to act on behalf of Defendant and were authorized to make the above-representations on behalf of Bank of America to Plaintiffs.")). The Court concludes that, at this stage, the First Amended Complaint sufficiently alleges that Torres (whom Bank of America allegedly employed at its "Banking Center") and/or "Defendant's employees in the loan department" had actual or ostensible authority to bind Defendant to the alleged oral agreement. *Cf. C.A.R. Transp. Brokerage Co., Inc. v. Darden Rest., Inc.*, 213 F.3d 474, 479-80 (9th Cir. 2000) ("An agent acting within his apparent or ostensible authority binds the principal where the principal has intentionally or negligently allowed others to believe the agent has authority.... An agent's authority may be implied from the circumstances of a particular case and may be proved by circumstantial evidence. However, unless only one conclusion may be drawn, existence of an agency and the extent of an agent's authority is a question of fact....") (applying California law).

The First Amended Complaint adequately alleges the final three elements of a breach of contract action: Plaintiffs performed their obligation pursuant to the alleged oral agreement (Doc. # 12 ¶ 29 ("On January 22, 2009, Plaintiffs delivered the exact amount demanded by Defendant to Bank of America. Plaintiffs followed exactly the instructions received from Defendant as to how to properly complete the Note payoff transaction.")); Bank of America "breached the agreement between the parties" (*id.* ¶ 30; *see also id.* ("Despite bargaining for and agreeing that the Note could be paid off without prepayment penalty, upon receipt of the demanded Note payoff amount from Plaintiffs, Bank of America insisted that the prepayment penalty be paid by Plaintiff[s] before it would reconvey the Property to Plaintiffs.")); and "Bank of America's failure and refusal to reconvey the Property ... has resulted in substantial damage and loss to Plaintiffs" (*id.*; *see also id.* ¶¶ 35 ("Plaintiffs have suffered damages in that Plaintiffs cashed in a retirement account and several certificates of deposit and closed bank accounts in order to raise the cash needed to pay off the Note in the exact amount demanded

by Defendant[]. Plaintiffs incurred substantial penalties for early withdrawal on these accounts and have lost the use of the money and their investments on the amounts paid to Defendant."); 36 ("Plaintiffs have been unable to list the Property for sale, and unable to sell the Property....")).

California Civil Code Section 1698 provides that, while "[t]he statute of frauds ... is required to be satisfied if the contract as modified is within its provisions," "[n]othing in this section precludes in an appropriate case the application of rules of law concerning estoppel." Cal. Civ. Code § 1698(c)-(d). Under California law, "[t]he doctrine of estoppel to assert the statute of frauds applies where unconscionable injury would result from denying enforcement of the oral contract after one party has been induced by the other seriously to change his position in reliance on the contract or where there would be unjust enrichment of a party who has received the benefit of the other's performance." *Isaac v. A & B Loan Co.*, 201 Cal. App. 3d 307, 313 (1988) (citation omitted); *see also In re Diego's Inc.*, 88 F.3d 775, 778 (9th Cir. 1996) (same).

The First Amended Complaint adequately alleges that Plaintiffs were induced to seriously change their position in reliance on the alleged oral agreement by "incurr[ing] substantial penalties for early withdrawal on [retirement and bank] accounts [and several certificates of deposit] and have lost the use of the money and their investments on the amounts paid to Defendant." (Doc. # 12 ¶ 35). Although the alleged oral agreement may fit within the parameters of the statute of frauds, *see* Cal. Civ. Code § 1624(a)(3), Plaintiffs have adequately alleged that Bank of America "may be estopped ... from relying on the statute of frauds." *In re Diego's*, 88 F.3d at 778.

Bank of America's Motion to Dismiss is denied as to the breach of contract claim.

**B.     Promissory Estoppel**

**1.     Contention of the Parties**

Bank of America contends that Plaintiffs' claim for promissory estoppel "is barred by the statute of frauds" and "Plaintiffs cannot establish detrimental reliance." (Doc. # 16-1 at 13-14).

Plaintiffs contend that "injustice may be avoided only by enforcement of the Bank's promise," and "Plaintiffs were entitled to rely upon the information obtained by the Bank employees, and particularly, the loan department which could and did provide the loan payoff information to the [Plaintiffs]." (Doc. # 17 at 14-15).

### 2.    Analysis

"In California, under the doctrine of promissory estoppel, a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Toscano v. Greene Music*, 124 Cal. App. 4th 685, 692 (2004) (quotation omitted). "The elements of promissory estoppel are (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages measured by the extent of the obligation assumed and not performed." *Id.* (citation omitted). "[R]eliance must be reasonable to set up an estoppel." *Rennick v. O.P.T.I.O.N.*, 77 F.3d 309, 317 (9th Cir. 1996) (applying California law).

As discussed above, the First Amended Complaint adequately alleges that Plaintiffs were induced by Bank of America's promise to incur "substantial penalties" and forgo the "use of the money" in order to pay a lump sum to Bank of America on January 22, 2009–"years before [Bank of America] would have received full payment of the Note as originally signed by Plaintiffs." (Doc. # 12 ¶¶ 24, 35). Plaintiffs allege that Torres was an employee of Bank of America who was "authorized to make the above-representations on behalf of Bank of America." (*Id.* ¶ 43; *see also id.* ¶¶ 9, 11, 28). Plaintiffs allege that Torres first consulted Bank of America's loan department, and then "Defendant's loan department faxed the payoff information for the Note to Torres, who relayed this information to Plaintiffs, along with instructions how to complete the Note payoff process." (*Id.* ¶ 9). The First Amended Complaint adequately alleges that Plaintiffs reasonably relied upon the promise made by Bank of America through its alleged agents, Torres and Bank of America's loan department.

As discussed above, the principle of estoppel–including promissory estoppel–operates as an exception to the statute of frauds under California law. *See* Cal. Civ. Code § 1698(d);

1 *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, ----, 2010 WL 1408927, at *5 n.10 (2010)
2 ("[T]o the extent appellants' claim is premised on promissory estoppel, neither section 1698
3 nor the statute of frauds will defeat their claim."). At this stage, the statute of frauds does not
4 operate to bar Plaintiffs' promissory estoppel claim.

5  Bank of America's Motion to Dismiss is denied as to the promissory estoppel claim.

### C. Breach of the Implied Covenant of Good Faith and Fair Dealing

#### 1. Contentions of the Parties

Bank of America contends that "[b]ecause Plaintiffs have not established an enforceable agreement apart from the parties' written loan agreement, and because the Bank's actions are consistent with the terms of their written agreement, no breach of the implied covenant exists." (Doc. # 20 at 9). Bank of America also states that breach of the implied covenant "does not constitute a tort." (*Id.*)

Plaintiffs contend that they have adequately alleged that Bank of America breached the implied covenant. (Doc. # 17 at 15-16).

#### 2. Analysis

California law implies a covenant of good faith and fair dealing in every contract. *See Seaman's Direct Buying Serv., Inc. v. Standard Oil Co.*, 36 Cal. 3d 752, 768 (1984). "The implied covenant imposes certain obligations on contracting parties as a matter of law–specifically, that they will discharge their contractual obligations fairly and in good faith." *Mundy v. Household Fin. Corp.*, 885 F.2d 542, 544 (9th Cir. 1989) (applying California law); *see also Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349 (2000) ("The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made.") (emphasis omitted). Outside of the insurance context, "the relief available for breach of the implied covenant is limited to traditional contractual remedies." *Mundy*, 885 F.2d at 544 (citing *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654 (1988)).

As discussed above, the First Amended Complaint adequately alleges an oral agreement between the parties which modified the prior written agreement. The First Amended

Complaint adequately alleges that "Bank of America breached the implied covenant of good faith and fair dealing by ... agreeing to waive any prepayment fee and then refusing and failing to provide the trustee with all reconveyance documents despite receiving all amounts due under the Note from Plaintiffs, [and] refusing and failing to return the agreed upon payoff amount to Plaintiffs, retaining that amount for Defendants' own accounts and benefit and earning interest on that amount despite knowing Plaintiffs paid the demanded Note payoff amount to Bank of America only to satisfy the indebtedness reflected in the Note and Deed of Trust." (Doc. # 12 ¶ 39).

Bank of America correctly states that "tort recovery" is not available to Plaintiffs in this context. (Doc. # 20 at 9). However, "traditional contractual remedies" are available if Plaintiffs ultimately prove their claim. *Mundy*, 885 F.2d at 544. Viewed in the light most favorable to Plaintiffs, the relief sought by Plaintiffs in this claim include "traditional contractual remedies." (Doc. # 12 ¶ 40 ("As a direct and proximate result of the wrongful actions of Bank of America[,] Plaintiffs have suffered damages set forth above in an amount uncertain at the present time, but which shall be determined according to proof at the time of trial.")).

Bank of America's Motion to Dismiss is denied as to the claim for breach of the implied covenant of good faith and fair dealing.

### D. Fraud and Negligent Misrepresentation

#### 1. Contentions of the Parties

Bank of America contends that "Plaintiffs fail to plead their fraud claims with the requisite particularity"; "Plaintiffs fail to adequately plead reasonable reliance"; and Plaintiffs fail to adequately plead damages or causation." (Doc. # 16-1 at 16-18).

Plaintiffs contend that they "have specifically alleged the dates, times, places, and persons associated with Bank of America's misrepresentations and fraud"; Plaintiffs "detrimentally relied on the promises of the Bank's employees, including Torres and the loan department"; and Plaintiffs "have sufficiently alleged the damages they suffered and how this damage was caused by the wrongful acts of Bank of America." (Doc. # 17 at 16-18).

### 2. Analysis

"The elements of fraud ... are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003) (quotation omitted). "The tort of negligent misrepresentation" requires the same elements, except it "does not require scienter or intent to defraud." *Id*. (citation omitted).

"It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent misrepresentation is a species of actual fraud.") (citation omitted). Rule 9(b) of the Federal Rules of Civil Procedure requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud...." Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotations omitted). Under Rule 9(b), while fraud must be pled with specificity, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. Proc. 9(b).

Plaintiffs allege that, on January 22, 2009, Torres, an employee of Bank of America at its El Cajon Banking Center, made representations to Plaintiffs which are outlined with adequate specificity in the First Amended Complaint. (Doc. # 12 ¶¶ 7-10, 42). Plaintiffs allege that "[t]he representations made by Defendant to Plaintiffs were false." (*Id*. ¶ 44 ("The true facts were that Bank of America wanted Plaintiffs to pay them a significant amount of money at a time of economic crisis in the country in general and the banking industry in particular without waiving the pre-payment fee or allowing Plaintiffs to satisfy all obligations

under the Note and Deed of Trust.... Defendant intended to induce Plaintiffs to pay a large sum of money to pay down, but not pay off the Note in full, keep that money [in] its possession, and then force Plaintiffs to pay a large pre-payment fee before delivering the reconveyance documents."). Plaintiffs allege that "Bank of America knew [the representations] were false but made the representations with the intention to deceive and defraud Plaintiffs and to induce Plaintiffs to act in reliance on the representations...." (*Id.* ¶ 45; *see also id.* ¶ 50 (alleging with respect to the negligent misrepresentation claim that "Defendant[] made the representations ... without reasonable grounds for believing them to be true")). As discussed above, Plaintiffs adequately allege that their reliance was justified and reasonable. (*Id.* ¶¶ 9, 11, 28, 43). Finally, Plaintiffs adequately allege damages caused by Bank of America's alleged misrepresentations. (*Id.* ¶¶ 46-47). The First Amended Complaint alleges the fraud and negligent misrepresentation claims with "specific enough" allegations "to give defendant[] notice of the particular misconduct so that [it] can defend against the charge and not just deny that [it has] done anything wrong." *Kearns*, 567 F.3d at 1124.

Bank of America's Motion to Dismiss is denied as to the fraud and negligent misrepresentation claims.

## V. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiffs' First Amended Complaint is **DENIED**. (Doc. # 16).

DATED: May 10, 2010

**WILLIAM Q. HAYES**
United States District Judge